## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN KAPLAN<br>826 Lindenwood Circle West<br>Ormond Beach, FL 32174<br><br>JOHN NAPIER TYE<br>1250 Connecticut Ave. NW Suite 700<br>Washington, DC 20036<br><br>VALUES UNITED D/B/A<br>WHISTLEBLOWER AID<br>1250 Connecticut Ave. NW Suite 700<br>Washington, DC 20036<br><br>                    Plaintiffs,<br>    v.<br><br>CENTRAL INTELLIGENCE AGENCY<br>Litigation Division<br>Office of General Counsel<br>Central Intelligence Agency<br>Washington, DC 20505<br><br>NATIONAL GEOSPATIAL-<br>INTELLIGENCE AGENCY<br>7500 GEOINT Drive<br>Springfield, VA 22150-7500<br><br>OFFICE OF THE DIRECTOR OF<br>NATIONAL INTELLIGENCE<br>Office of the General Counsel<br>Washington, DC 20511<br>                    Defendants. | Civil Action No. 21-3306<br>ECF Case<br><br><br>**COMPLAINT** |

Plaintiffs JONATHAN KAPLAN, JOHN NAPIER TYE, AND VALUES UNITED D/B/A

WHISTLEBLOWER AID, by the undersigned attorneys, allege:

    1.    By this Freedom of Information Act ("FOIA") action, plaintiffs Jonathan Kaplan,

John Napier Tye, and Values United d/b/a Whistleblower Aid seek to compel production of a

1

report (the "Reprisal Report") issued by the Office of Inspector General ("OIG") of defendant

National Geospatial-Intelligence Agency ("NGA"). The Reprisal Report memorializes an

investigation undertaken by the NGA OIG into Mr. Kaplan's allegations that his former

employer, defendant Central Intelligence Agency ("CIA"), retaliated against him for blowing the

whistle on misconduct by officials in the CIA's OIG that included retaliating against other

whistleblowers. The Reprisal Report did not substantiate Mr. Kaplan's allegations of reprisal, but

the NGA's subsequent refusal to provide Mr. Kaplan a copy severely hampered his ability to

appeal its findings to the Intelligence Community Inspector General.

2.    Plaintiffs thus requested a copy of the Reprisal Report under FOIA from each of the

defendants, CIA, NGA, and Office of the Director of National Intelligence ("ODNI"). In

contravention of law, their FOIA requests have languished without a response from any

defendant for approximately two years. Plaintiffs now seek a declaration that defendants have

violated FOIA by failing to produce the Reprisal Report, an order enjoining them to produce it

immediately, and other appropriate relief.

**PARTIES**

3.    Plaintiff Jonathan Kaplan is a former Special Agent who began working at the CIA

in 1982. Mr. Kaplan was employed by the CIA OIG from 2005 to 2015. While at the CIA, Mr.

Kaplan received a Certificate for Special Achievement and fourteen Exceptional Performance

Awards. In addition, Mr. Kaplan took part in operation Top Gun, which resulted in the

successful prosecution of U.S. Congressman Duke Cunningham for bribery, fraud, and tax

evasion. In 2009, he won the Intelligence Community Inspector General's Investigation Award

for his role in the investigation and prosecution of CIA Executive Director Kyle Foggo for fraud

against the United States.

2

4.  Plaintiff Values United d/b/a Whistleblower Aid ("Whistleblower Aid") is a nonprofit legal organization, incorporated in Louisiana, whose principal place of business is in Washington, D.C. The organization represents individuals who lawfully report government and corporate law breaking, and represents Mr. Kaplan in connection with the whistleblower reprisal complaint out of which the FOIA requests in this case arise.

5.  Plaintiff John Napier Tye is a lawyer at, and founder of, Whistleblower Aid. In this capacity, Mr. Tye represents Mr. Kaplan in connection with his whistleblower reprisal complaint.

6.  Defendant Central Intelligence Agency is a federal agency within the meaning of 5 U.S.C. § 552(f)(1).

7.  Defendant National Geospatial-Intelligence Agency is a federal agency within the meaning of 5 U.S.C. § 552(f)(1).

8.  Defendant Office of the Director of National Intelligence is a federal agency within the meaning of 5 U.S.C. § 552(f)(1).

## JURISDICTION AND VENUE

9.  This Court has subject-matter jurisdiction over this action and personal jurisdiction over the Defendants pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

10.  Venue is proper in this district under § 552(a)(4)(B).

## FACTS

*Mr. Kaplan's Lawful Whistleblowing*

11.  On February 11, 2013, Mr. Kaplan submitted a letter of urgent concern under 50 U.S.C. § 3033, 50 U.S.C. § 3517, and 5 U.S.C. App. § 8H to individuals at the CIA's Office of Congressional Affairs for them to forward to several members of Congress, including the

Chairmen, Vice Chairman, and ranking members of the Senate Select Committee on Intelligence and House Permanent Select Committee on Intelligence.[1] The unclassified letter alleged that David B. Buckley, while Inspector General of the CIA, threatened the objectivity and capability of the CIA OIG. In particular, the letter described Buckley's victimization of senior investigators in violation of the Age Discrimination in Employment Act, the hiring and appointment of "cronies" who contributed to a dysfunctional office environment and high personnel turnover, and the issuance of misleading reports describing the OIG's work to the Director of the CIA that improperly overrepresented the OIG's need for additional law enforcement powers.

12.   In the summer of 2013, Mr. Kaplan was interviewed by staffers from both the Senate and House oversight committees to discuss his letter of urgent concern.

13.   In or about May 2014, Mr. Kaplan submitted a second letter of urgent concern to the committees regarding irregular personnel actions and whistleblower reprisal, alleging that the CIA OIG had unlawfully retaliated against two of Mr. Kaplan's colleagues for engaging in protected whistleblowing actions.

14.   In or about June 2014, Mr. Kaplan met with Paul J. Wogaman, Deputy Counsel for the Intelligence Community's OIG, and reported possible investigative misconduct by the CIA OIG. Mr. Kaplan alleged that members of his office had engaged in evidence tampering and withholding of evidence in an investigation and caused agency contractors to erroneously lose their security clearances and employment. Mr. Kaplan alleged that the misconduct was compounded by management targeting OIG staff and labelling other whistleblowers within the office as "insider threats."

---

[1] 5 U.S.C. App. § 8H; 50 U.S.C. § 3033; 50 U.S.C. § 3517 govern procedures for whistleblowers in the intelligence community.

15.   In early August 2014, Mr. Kaplan met with staffers from the House Permanent Select Committee on Intelligence regarding the potential withholding of material evidence in an ongoing investigation. Additionally, Mr. Kaplan alleged that David Buckley, then CIA Inspector General, had been deceptive regarding representations made to the CIA Director in a Semi-Annual Report and other forms of communication. Finally, Mr. Kaplan alleged that management had told OIG officers to misrepresent themselves in violation of Executive Order 12333's limitations on the CIA's authority to surveil United States persons.

*The CIA's Reprisals and Mr. Kaplan's Reprisal Complaint*

16.   In November 2014, an official in the CIA OIG told Mr. Kaplan he had been issued a Letter of Warning for violating OIG policy but did not say what policy or provide evidence of the violation. The letter threatened Mr. Kaplan's ability to retain his Top Secret security clearance. The same month, another official in the office told Mr. Kaplan he would not be interviewed for a CIA vacancy to which he had applied.

17.   On December 2, 2014, Mr. Kaplan submitted a whistleblower reprisal complaint (the "Reprisal Complaint") to the Intelligence Committee Inspector General alleging that the CIA and its Inspector General at the time, Christopher Sharpley, retaliated against Mr. Kaplan for his submission of the letter of urgent concern by issuing the Letter of Warning without justification and declining to consider him for the vacancy.

18.   The Reprisal Complaint was directed to the NGA OIG, apparently to avoid the conflict of interest inherent in the CIA OIG investigating the complaint.

19.   On November 14, 2019, Scott Borden, Special Agent in the NGA OIG, informed Mr. Tye and Mr. Kaplan that the NGA OIG had issued a report of investigation detailing its

findings concerning Mr. Kaplan's allegations of reprisal—the Reprisal Report. A true and correct copy of this email correspondence is attached as Exhibit A.

20.   Mr. Borden explained orally to Mr. Kaplan and Mr. Tye that NGA OIG was unable to substantiate one element of Mr. Kaplan's retaliation claim: the CIA OIG's knowledge that Mr. Kaplan had made protected disclosures. According to Mr. Borden, the witnesses who would have been able to substantiate that element were the same staff alleged to have committed retaliation, namely David Buckley, Christopher Sharpley and Howard Cox, and that they had refused to voluntarily participate in the NGA OIG's investigation. Messrs. Buckley, Sharpley and Cox were determined by the Department of Homeland Security's Office of Inspector General to have committed retaliation in a separate but related case.

21.   On information and belief, NGA OIG did not issue subpoenas to compel the participation of Messrs. Buckley, Sharpley, and Cox.

22.   Mr. Kaplan intends to appeal the Reprisal Report's findings against him to the Intelligence Community Inspector General. However, he lacks a copy of the Reprisal Report. Without knowing the contents of the Reprisal Report and the factual basis purporting to justify the findings against him, he cannot effectively challenge or refute the investigation's conclusions.

*The FOIA Requests at Issue*

23.   Mr. Kaplan and his counsel, Mr. Tye and Whistleblower Aid, have submitted three FOIA requests to three different federal agencies seeking a copy of the Reprisal Report. Plaintiffs have received no substantive response to any of their requests, which have been pending for approximately two years.

24.   On December 3, 2019, Plaintiffs submitted FOIA requests to the ODNI ("ODNI Request") and to the CIA ("CIA Request"); each request sought a copy of the Reprisal Report. A true and correct copy of the ODNI Request is attached as Exhibit B. A true and correct copy of the CIA Request is attached as Exhibit C.

25.   The ODNI acknowledged the ODNI Request in a letter dated January 6, 2020. ODNI stated that the Reprisal Report fell under the purview of another, unnamed federal agency, and referred the FOIA request to that unnamed agency for response. A true and correct copy of this letter is attached as Exhibit D.

26.   The next month, by letter dated February 6, 2020, the NGA contacted Mr. Tye about a December 3, 2019, FOIA request that had been referred to it on January 6, 2020. This letter informed Mr. Tye that the NGA had determined that a different, unnamed government agency had "equities" in the requested Reprisal Report, and the FOIA request had thus been referred to that unnamed agency for response. A true and correct copy of this letter is attached as Exhibit E.

27.   Although 32 C.F.R. § 286.7(d)(2)(ii) required the NGA to identify the agency to which it referred the FOIA request, it did not do so.

28.   On February 4, 2020, having received no substantive response to the FOIA requests from either ODNI or the CIA, Mr. Tye contacted the NGA by email seeking limited security clearance for a one-day read-in onto the Reprisal Report. A true and correct copy of this email chain is attached as Exhibit F. The NGA denied this request.

29.   Plaintiffs thus submitted a third FOIA request for the Reprisal Report on March 25, 2020, this time to the NGA ("NGA Request"). A true and correct copy of the NGA Request is attached as Exhibit G.

30.   The NGA acknowledged receipt of the NGA Request in a letter dated March 30, 2020. A true and correct copy of this letter is attached as Exhibit H.

31.   Receiving no further correspondence regarding any of the FOIA requests for a year and a half, on October 5, 2021 counsel for Plaintiffs asked the NGA by email to disclose the name and contact information of the unnamed agency to which it had referred the original request it had been forwarded from ODNI. A true and correct copy of this email is attached as Exhibit I.

32.   On October 14, 2021, the NGA replied that the unnamed agency to which it had referred the FOIA request had declined the referral and instead treated the NGA's referral as a consultation. Once again, the NGA failed to identify the agency that declined the referral. The NGA said it could not yet provide a final response to the FOIA request because it "has not gotten a position" on whether to release the Reprisal Report from the unnamed, now-consulting agency. A true and correct copy of this response is attached as Exhibit J.

33.   24 months after Plaintiffs' initial FOIA request to the ODNI, 23 months after the ODNI's referral to the NGA, and 22 months after the NGA attempted to refer the request to an unnamed agency, no agency has provided a substantive response to the ODNI Request. This failure to respond amounts to a constructive denial of the ODNI Request by the ODNI and the NGA.

34.   24 months after Plaintiffs' FOIA request to the CIA, the CIA has not provided a substantive response or even acknowledged the CIA Request. This failure to respond amounts to a constructive denial.

35.   21 months after Plaintiffs' FOIA request to the NGA, the NGA has not provided a substantive response to the NGA Request. This failure to respond amounts to a constructive denial.

36.   Plaintiffs have exhausted their administrative remedies.

**FIRST CLAIM**

**<u>Violation of FOIA for failure to respond to Plaintiffs' Requests</u>**

37.   Plaintiffs repeat, re-allege, and incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

38.   Defendants' failure to timely provide substantive responses to Plaintiffs' requests violates FOIA, 5 U.S.C. § 552(a)(6)(A), and Defendants' implementing regulations.

**SECOND CLAIM**

**<u>Violation of FOIA for failure to make records available</u>**

39.   Plaintiffs repeat, re-allege, and incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

40.   Defendants' failure to make available the records sought by the requests violates the Freedom of Information Act, 5 U.S.C. § 552(a)(3)(A), and Defendants' implementing regulations.

**RELIEF REQUESTED**

**WHEREFORE,** Plaintiffs respectfully request this Court to:

A.  Declare that the records sought in Plaintiffs' FOIA requests are public records under 5 U.S.C. § 552 and must be disclosed;

B.  Order Defendants to immediately conduct a thorough search for the records responsive to Plaintiffs' requests;

9

C.   Order Defendants to immediately disclose, in their entirety, all records responsive to

Plaintiffs' requests that are not specifically exempt from disclosure under FOIA;

D.   Enjoin Defendants from charging Plaintiffs for the search, review, or duplication fees

for processing their requests;

E.   Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees;

and

F.   Grant such other and further relief as the Court deems just and proper.

Dated: December 17, 2021

Respectfully submitted,

MEDIA FREEDOM AND INFORMATION
ACCESS CLINIC

By: /s/ David A. Schulz
David A. Schulz (Bar No. 459197)
MEDIA FREEDOM AND INFORMATION ACCESS CLINIC
ABRAMS INSTITUTE
YALE LAW SCHOOL
1675 Broadway, 19th Floor
New York, NY 10019
Tel: (212) 850-6103
schulzd@ballardspahr.com

*Counsel for Plaintiffs*